**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JASON MCGUIRE,
**2.**     **TIMOTHY STILLER,**

      Defendants.

---

**DEFENDANT TIMOTHY STILLER'S MOTION IN LIMINE TO LIMIT THE**
**ADMISSION OF EVIDENCE CONCERNING THE ILLINOIS CIVIL LITIGATION**

---

      Timothy Stiller, through undersigned counsel, respectfully files his motion in limine to request that this Court limit the evidence admitted at trial concerning the civil antitrust case pending in the Northern District of Illinois.[1]  As grounds in support, Mr. Stiller states as follows:

**STATEMENT REGARDING CONFERRAL**

      The parties have conferred in good faith about this motion, and undersigned counsel has previously shared a copy of this motion with counsel for the government.  The parties hope to arrive at an agreement for the Court's consideration and if they resolve the issue, counsel for Mr. Stiller will move to withdraw this motion by Friday, October 14, 2022.  The parties will then file a proposed stipulation with the Court.  If the parties fail to resolve the issue, counsel for Mr. Stiller

---

[1] This motion is being filed based on a presumption that this trial will involve all four counts in the Superseding Indictment.  In the event that circumstances change, and there is a severance of any of those counts, the Defendants reserve their right to revisit this issue in the future, lodge all and any necessary objections, move for reconsideration or seek any other appropriate remedy due to any changed circumstances.

will advise the Court of this no later than Friday, October 14, 2022.

## BACKGROUND

In *United States v. Penn,* evidence concerning Mr. Stiller's allegedly obstructive conduct was largely excluded on grounds that it was irrelevant and unfairly prejudicial. More specifically, while Judge Brimmer permitted the government to elicit testimony from Robert Bryant about the April 2021 conversation alleged in Count 3 of the Superseding Indictment in this case, he precluded the government from introducing any evidence about the federal civil antitrust proceedings consolidated under case number 1:16-cv-08637 pending in the Northern District of Illinois (the "Civil Litigation") itself, and Judge Brimmer also excluded evidence regarding the conversations Mr. Bryant allegedly had with Mr. Stiller about producing documents in response to that litigation. *Penn*, Nov. 1, 2021 Tr. at 773–87, 859–60. In doing so, Judge Brimmer expressed particular concern that the allegations against Mr. Stiller implicated the history and substance of the Civil Litigation and thus, introducing evidence of Mr. Stiller's allegedly obstructive conduct "would open the necessity of bringing in an explanation of all the civil litigation," which would "trigger[] 403 issues" and be "highly problematic." *Penn*, Nov. 1, 2021 Tr. at 782. *See also Penn*, ECF No. 603 at 9–10 (excluding evidence of the Civil Litigation at trial).

This case, of course, is situated differently than *Penn* because Counts 2 through 4 directly implicate the Civil Litigation. But the same concerns that underpinned Judge Brimmer's rulings in *Penn*—the potential for juror confusion, unfair prejudice to the defendants, and the necessity of conducting a trial within a trial—apply equally to this case. Thus, and for the reasons explained below, evidence concerning the Civil Litigation itself—as opposed to Mr. Stiller's alleged awareness of that litigation and his alleged intention to interfere with it—should be limited to the

fact of that litigation, the time it was commenced, and that it deals with pricing and bidding in the broiler chicken industry.

## ARGUMENT

In order to prove Counts 2 and 3, the government will be required to prove, among other things, that Mr. Stiller intended to cause Mr. Bryant to withhold testimony or material from the Civil Litigation, knowing that his conduct was likely to affect the Civil Litigation. *See* Tenth Circuit Pattern Jury Instructions 2.65 (2021 ed.). In order to prove Count 4, the government will be required to prove, among other elements, that Mr. Stiller knowingly and corruptly intended to impair an object's integrity or availability for use in the Civil Litigation. *See* Fed. Crim. Jury Instr. 7th Cir. 1512(c)(1) (2022 ed.).

As such, the fact of the Civil Litigation is directly implicated by the charges in this case. And the government is entitled to introduce evidence concerning Mr. Stiller's alleged knowledge of that proceeding and his alleged intent to interfere with it. But the jury need not be provided with any significant level of detail about the Civil Litigation in order to determine whether the government has met its burden of proof, beyond the limited evidence needed to understand how Mr. Stiller's alleged conduct related to the Civil Litigation. Specifically, that the testimony, materials, and objects underpinning Counts 2 through 4 are related, according to the government, to pricing and bidding in the broiler chicken industry, and those are the matters at issue in the Civil Litigation.

To be sure, there is authority holding that in cases involving charges of witness intimidation, obstruction, or perjury, substantive evidence about the proceeding interfered with is relevant to the obstruction-related charges. *See, e.g., United States v. Foreman,* 87 Fed. Appx. 107, 109 (10th Cir. 2004) (unpublished) (evidence admitted to prove robbery charge would be

probative and admissible to prove charge of attempt to obstruct robbery prosecution). Courts typically deny motions for severance or challenges to joinder in such cases on grounds that proof of the substantive offense would be admissible in a trial on obstruction-related charges, and vice versa. Those cases involve charges of obstructive conduct that are brought in the same proceeding as the underlying substantive offense(s) allegedly interfered with. *See, e.g., id. See also United States v. Potamitis,* 739 F.2d 784, 791 (2nd Cir. 1984) ("[t]he law in this circuit clearly supports the joinder of underlying substantive crimes with perjury counts where, as here, the false declarations concern the substantive offense"); *United States v. Davis,* 752 F.2d 963, 972 (5th Cir. 1985) ("[b]oth obstruction charges grew out of Davis' attempt to avoid implication in or the detection of a fraudulent scheme [and t]hus, the coverup attempts bear a logical relationship to the underlying fraud crimes"); *United States v. Rock,* 282 F.3d 548, 552 (8th Cir. 2002) ("evidence of the felon-in-possession charge would have been admissible in a separate trial of the witness tampering charge, because Rock's witness tampering was an attempt to avoid prosecution of the firearms charge").

Here, by contrast, the question is not whether evidence concerning the conspiracy charged in Count 1 would be admissible against Mr. Stiller on Counts 2 through 4, and vice versa, *insofar as those charges allege that Mr. Stiller's conduct was directed at this very prosecution*. Rather, the question is whether evidence about a civil case pending in another jurisdiction, that Mr. Stiller is not a party to, and which involves claims that are not implicated in this case (*to wit,* claims of illegal output restriction and manipulation of the Georgia Dock price index), is also relevant and admissible to prove the obstruction-related counts brought in this case. On that question, there does not appear to be any controlling authority that supports the conclusion that the same evidence concerning the underlying charges (or, more accurately, civil claims for relief) in one proceeding

is relevant and admissible to prove obstruction-related charges brought in a separate proceeding, involving different substantive claims, different standards of proof, and different parties.

Some evidence concerning the Civil Litigation is relevant to the Counts 2 through 4, since each of those counts specifically allege obstructive conduct directed at that litigation.  But the amount of evidence that is introduced about the Civil Litigation should be limited for the very reasons identified by Judge Brimmer in *Penn*.

If the government is permitted to introduce evidence about the Civil Litigation in any significant detail, the defense will be forced to explain how the claims and parties in the Civil Litigation differ from the claims and parties in this case.  They will be required to explain how the Civil Litigation against Pilgrim's involved mere allegations that were never adjudicated and are subject to a different burden of proof.  And the defense will be entitled to delve into the corporate and commercial interests underpinning Pilgrim's litigation strategy in the Civil Litigation and explain how those interests may or may not intersect with the criminal charges brought in this case.

The introduction of such evidence will create a substantial risk of juror confusion, and it is certain to cause an undue delay in the trial of this case.  Thus, the government should be precluded from offering evidence about the Civil Litigation that goes beyond establishing the fact of that litigation, the time it was commenced, and the fact that it deals with pricing and bidding in the broiler chicken industry.  That is all the information the government needs to introduce about the Civil Litigation in its attempt to prove the allegations underlying Counts 2 through 4, and the introduction of any additional evidence, given its minimal—if any—probative value, will be substantially outweighed by the risk of unfair prejudice, unnecessarily prolonging the trial of this case, and wasting both the Court's and jury's time.

Respectfully submitted this 11th day of October, 2022,

_/s/ Kristen M. Frost_
Kristen M. Frost
Patrick L. Ridley
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
ridley@ridleylaw.com
frost@ridleylaw.com
_Attorneys for Mr. Stiller_

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October, 2022, I electronically filed the foregoing **DEFENDANT TIMOTHY STILLER'S MOTION IN LIMINE TO LIMIT THE ADMISSION OF EVIDENCE CONCERNING THE ILLINOIS CIVIL LITIGATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Scott Widney*
Scott Widney